**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES CROCKETT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 15-CV-8757** |
| | ) | **Judge Sarah L. Ellis** |
| **CITY OF CHICAGO, OFFICER JERRY CRISP, OFFICER BRANDON SMITH, OFFICER SHANE JONES, OFFICER DERRICK DENTON, OFFICER D. J. WITT, SEARGENT D. KOENIG, OFFICER J. ROJAS** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to leave of Court, Plaintiff files this amendment to his original complaint, adding Count IV and Count V. (The original complaint included counts numbered I, II, and III.)

NOW COMES Plaintiff, JAMES CROCKETT ("CROCKETT"), by her attorneys, PETRO & ASSOCIATES, and complaining of Defendants, CITY OF CHICAGO, OFFICER JERRY CRISP (star number 12580), OFFICER BRANDON SMITH (star number 7872), OFFICER SHANE JONES (star number 3695), OFFICER DERRICK DENTON (star number 19152), OFFICER WITT(star number 9233), SEARGENT D. KOENIG (star number 1676, OFFICER J. ROJAS (star number 15550)(these officers collectively referred to as the "Defendant Officers"), and state as follows:

**NATURE OF ACTION**

1. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 to redress the deprivation under color of law of plaintiff's civil rights as secured by the Constitution and laws

of the United States in connection with the CROCKETT's 8 October 2013 arrest.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343 and 28 U.S.C. §1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted herein occurred within the judicial District.

**THE PARTIES**

4. Plaintiff CROCKETT is a resident of Chicago, Illinois.

5. The Defendant Officers are police officers in the Chicago Police Department. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois, which operates the Chicago Police Department. At all times relevant to the events complained of herein, Defendant CITY OF CHICAGO was the employer of the Defendant Officers.

**BACKGROUND**

7. On or about the evening of OCTOBER 8, 2015, CROCKETT was arrested by Defendant Officers employed by the CITY OF CHICAGO. This arrest was made without a warrant. CROCKETT's arrest was directly caused by the acts and/omissions of the

Defendant Officers.

8. Immediately before CROCKETT was arrested or was caused to be arrested by the Defendant Officers, CROCKETT was not violating any laws, rules or ordinances. As CROCKETT was being arrested, CROCKETT was not violating any laws, rules or ordinances. And, the Defendant Officers did not have probable cause or legal justification to arrest CROCKETT.

9. After Defendant Officers arrested or caused CROCKETT to be arrested, Defendant Officers commenced or assisted in commencing criminal proceedings against CROCKETT. Defendant Officers did not have probable cause of legal justification to commence or assist in commencing criminal proceeding against CROCKETT.

10. The criminal proceedings against CROCKETT were subsequently resolved in a manner indicative of CROCKKET's innocence.

11. At the time that CROCKETT was arrested, the Defendant Officers knew that there was no probable cause or legal justification to arrest CROCKETT.

12. The acts and/or omissions of the Defendants were intentional, willful and wanton and/or negligent to CROCKETT.

13. At all times relevant hereto, the Defendant Officers were acting in concert with each other in that they conspired and agreed to unlawfully use the police powers of the CITY OF

CHICAGO to violate the civil rights of and to injure CROCKETT by (a) agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against Plaintiff; (b) generating false police reports to cover up their own and each other's misconduct; (c) falsifying reports in order to unlawfully detain CROCKETT and charge him. Defendant Officers agreed and conspired to falsely arrest CROCKETT without probable cause or legal justification.

**COUNT I**

**(42 U.S.C. § 1983 – FALSE ARREST/UNLAWFUL DETENTION)**

14. Each of the foregoing paragraphs is incorporated as if restated fully herein.

15. As described more fully above, the Defendant Officers falsely arrested and unlawfully detained CROCKETT without probable cause or legal justification.

16. Defendant Officer's misconduct described in this count was undertaken with malice, and reckless indifference to CROCKETT's rights.

17. The arrest and detention of CROCKETT was a deliberate and malicious depravation of his Constitutional Rights as guaranteed by the Fourth Amendment to the Constitution as made applicable to the States by the Fourteenth Amendment.

18. As a result of the above-described wrongful infringement of CROCKETT's rights, he suffered damages including but not limited to bodily harm, embarrassment, humiliation,

mental distress, anguish and legal fees.

19. The misconduct by Defendant Officers as described in this Count was undertaken within the scope of their employment and under color of law such that their employer the CITY OF CHICAGO is liable for their actions.

**COUNT II**

**(42 U.S.C. § 1983: MALCIOUS PROSECUTION)**

20. Each of the foregoing paragraphs is incorporated as if restated fully herein.

21. The Defendant Officers accused CROCKETT of criminal activity knowing those accusations to be without probable cause and gave false statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

22. As a result of the actions by Defendant Officers, CROCKETT was improperly subjected to judicial proceedings and malicious prosecution unsupported by probable cause to believe that she had committed a crime. These judicial proceedings were instituted and continued by the Defendant Officers maliciously, resulting in damages including but not limited to bodily harm, embarrassment, humiliation, mental distress, anguish and legal fees. And, all charges were subsequently resolved in a manner indicative of CROCKETT's innocence.

23. The Defendant Officers made statements regarding

CROCKETT's alleged culpability with knowledge that the statements were false and perjured. In so doing, the Defendant Officer's fabricated evidence and withheld exculpatory information.

24. The misconduct described in this count was undertaken intentionally with malice, willfulness, and reckless indifference to CROCKETT's rights.

25. As a direct and proximate result of this misconduct, CROCKETT suffered damages including but not limited to bodily harm, embarrassment, humiliation, mental distress, anguish and legal fees.

26. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer the CITY OF CHICAGO is liable for their actions.

**COUNT III**
**(Supplemental State Law Claim – CITY OF CHICAGO: Indemnification)**

27. Each of the foregoing paragraphs is incorporated as if restated fully herein.

28. At all relevant times, Defendant Officers were acting under color of law and in the course and scope of their employment.

29. At all relevant times, CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, Plaintiff, CROCKETT, respectfully requests that

this Honorable Court enter judgment in his favor and against the Defendant the CITY OF CHICAGO and the Defendant Officers, awarding compensatory damages and attorneys' fees along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Honorable Court deems just and appropriate.

**COUNT IV**
**Fabrication of Evidence**

30. Each of the paragraphs of plaintiff's complaint is incorporated as if restated fully herein.

31. After arresting plaintiff, defendants Crisp, Smith, Jones, Denton, Witt, Koenig, and Rojas fabricated evidence, thereby causing plaintiff to be held in custody and prosecuted for an offense. These acts include the creation of police reports containing material false statements, including:

a. That the officers had observed plaintiff making a sale of narcotics;
b. That after the sale, plaintiff had entered the building at 267 North Pine Street;
c. That plaintiff had emerged from the building at 267 North Pine Street and
d. Was then arrested.

32. As a result of the fabrication of evidence by defendants Crisp, Smith, Jones, Denton, Witt, Koenig, and Rojas plaintiff was deprived of his liberty contrary rights secured by the Fourteenth

Amendment to the Constitution of the United States and held in custody at the Cook County Jail until September of 2014 when he was acquitted of the fabricated charge.

**COUNT V**

**Unreasonable Search**

33. Each of the paragraphs of plaintiff's complaint is incorporated as if restated fully herein.

34. Following his arrest, plaintiff was transported to a police station.

35. At the police station, defendant Crisp required plaintiff to remove his clothing; defendant Crisp then subjected plaintiff to a strip search.

36. At the time he required plaintiff to remove his clothing, defendant Crisp did not have a warrant or any reasonable basis to require plaintiff to be strip searched.

37. In requiring plaintiff to submit to a strip search, defendant Crisp deprived plaintiff of rights secured by the Fourth Amendment to the Constitution of the United States and subjected to stress and anxiety.

**JURY DEMAND**

Plaintiff, CROCKETT, hereby demands a trial by jury pursuant to Fed. R. Civ. Pro. 38(b) on all issues so triable.

Respectfully submitted,

s/ Michael J. Petro

Attorney for JAMES CROCKETT
Petro and Associates
53 West Jackson Boulevard, Suite 324
Chicago, Illinois 60604
312-913-1111

**CERTIFICATE OF SERVICE**

I, Michael J. Petro, an attorney, state that I caused to be filed, by electronic filing (ECF), with the Clerk of the United States District Court for the Northern District of Illinois, the foregoing:

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

The undersigned also certifies, as to the following parties, that in accordance with F.R.Civ.P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing pleading, along with a notice of motion if required, were served pursuant to the district court's ECF system on Wednesday, March 23, 2016.

Respectfully submitted,

s/ Michael J. Petro

Attorney for JAMES CROCKETT
Petro and Associates
53 West Jackson Boulevard, Suite 324
Chicago, Illinois 60604
312-913-1111